# UNITED STATES DISTRICT COURT
## THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

FILED

NOV 2 6 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN. JOSE

UNITED STATES OF AMERICA, Plaintiff,

v.

RAUL VALLE MORFIN_____, Defendant.

Case No. 13-cr-00509 DLJ (NC)

ORDER OF DETENTION
PENDING TRIAL

     In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on November 26, 2013. Defendant was present, represented by his attorney Frank Bell. The United States was represented by Assistant U.S. Attorney Casey O'Neill. The hearing was held publicly. Both parties were advised of their opportunity to call witnesses and present evidence. Both parties were advised of their right to appeal this detention order to the District Court.

## PART I. PRESUMPTIONS APPLICABLE

     / / The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and the defendant has been convicted of a prior offense described in 18 U.S.C. § 3142(f)(1) while on release pending trial for a federal, state or local offense, and a period of not more than five (5) years has elapsed since the date of conviction or the release of the person from imprisonment, whichever is later.

     This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

     / X / There is probable cause based upon the indictment to believe that the defendant has committed an offense

     A.    __X__   for which a maximum term of imprisonment of 10 years or more is prescribed in 21 U.S.C. § 801 et seq., § 951 et seq., or § 955a et seq., OR

     B.    ____   under 18 U.S.C. § 924(c): use of a firearm during the commission of a felony.

     This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

     / / No presumption applies.

## PART II. REBUTTAL OF PRESUMPTIONS, IF APPLICABLE

     / X / The defendant has not come forward with sufficient evidence to rebut the applicable presumption, and he therefore will be ordered detained.

     / / The defendant has come forward with evidence to rebut the applicable presumption[s] to wit: .

     Thus, the burden of proof shifts back to the United States.

///

**PART III. PROOF (WHERE PRESUMPTIONS REBUTTED OR INAPPLICABLE)** N/A

**PART IV. WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**

/ X / The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows. The Court adopts the facts set forth in the Pretrial Services Pre-Bail Report prepared November 25, 2013 (with the correction that the FBI agent mentioned should be Matt Cobo, not Mike Como or Agent Brown), supplemented by information presented at the hearing. Morfin is charged by indictment with a violation of 18 U.S.C. section 841(a)(1) for possession with intent to distribute methamphetamine. At the hearing, the government presented information by proffer, derived from a confidential witness, that Morfin is a member of a criminal street gang. Without witness testimony and an opportunity for the defendant to challenge this allegation, the Court gives minimal weight to the proffered allegation. The following factors establish by more than clear and convincing evidence that Morfin is a danger and should be detained in order to assure the safety of the community. This 27-year old defendant was serving two different terms of state probation at the time of the alleged offense. Furthermore, according to the Santa Clara County Probation Department, Morfin has failed to report to their department since commencing supervision and warrants were issued September 12 and October 10 for his failures to report for supervision. Morfin has four misdemeanor and one felony conviction. The felony was in 2011 for force/assault with a deadly weapon not firearm: great bodily injury likely. No proposed sureties or custodians appeared in Court with Morfin. Considering all the evidence presented, the Court finds that no condition or combination of conditions will reasonably assure the safety of the community. As to risk of non-appearance, the Court has concerns, but finds that those concerns could be addressed by a combination of release conditions, as the defendant has family and employment ties to this District.

**Part V. Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated:   November 26, 2013

NATHANAEL COUSINS
United States Magistrate Judge

AUSA ___, ATTY _____, PTS ____