UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>RAUL VALLE MORFIN,<br>Defendant. | Case No. 5:13-cr-00509-EJD<br><br>**ORDER DENYING NUNC PRO TUNC MOTION FOR JAIL TIME CREDIT UNDER § 5G1.3(C)**<br><br>Re: Dkt. No. 36 |

On July 15, 2016, the court received a document entitled "Nunc Pro Tunc Motion for Jail Time Credit under § 5G1.3(C)" from Defendant Raul Valle Morfin ("Defendant"), who is presently serving a 78-month federal sentence pursuant to Judgment filed on June 27, 2014. Dkt. No. 28. As the court understands it, Defendant requests assistance in obtaining credit toward his federal sentence for time served on a state sentence. Defendant has submitted supplements to the motion demonstrating that the Bureau of Prisons ("BOP") has denied similar relief to Defendant.

This court is unable to provide Defendant with relief or assistance on this issue.[1] Indeed, after a defendant is sentenced, it is the BOP - not the court - that calculates the applicable release date and any entitlement to sentencing credit. Jonah R. v. Carmona, 446 F.3d 1000, 1002 (9th Cir. 2006) ("The Federal Bureau of Prisons . . . calculates sentences for persons . . . remanded to its

---

[1] Because this court did not indicate that Plaintiff's state sentence should run concurrently to the federal sentence, the two are presumed to run consecutively. 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."). Moreover, as Defendant's state sentence resulted from an offense that is not "relevant conduct" under U.S.S.G. § 1B1.3, the guideline cited by Defendant in this motion - U.S.S.G. § 5G1.3(c) - does not govern Defendant's federal sentence.

1
Case No.: 5:13-cr-00509-EJD
ORDER DENYING NUNC PRO TUNC MOTION FOR JAIL TIME CREDIT UNDER § 5G1.3(C)

1 custody."); Zavala v. Ives, 785 F.3d 367, 370 n.3 (9th Cir. 2015) ("BOP, rather than the sentencing court, calculates the defendant's entitlement to sentencing credit under [18 U.S.C.] § 3585(b) in the first instance.").  Furthermore, this court cannot entertain claims of error in BOP's calculation or in its application of time credits.  Challenges to the execution of a sentence are properly raised through a petition under 28 U.S.C. § 2241 and must be brought in the district court where the defendant is confined.  See Zavala, 785 F.3d at 370 n.3 ("A defendant may then challenge BOP's calculation - in other words, the execution of the sentence - by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241."); Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012) ("§ 2241 petitions must be filed in the district where the petitioner is confined . . . ."); Setser v. United States, 566 U.S. 231, 132 S.Ct. 1463, 1473 (2012).  Since Defendant's documents indicate that he is currently incarcerated in Herlong, California, such a request must be made to the district court encompassing that area.

Accordingly, Defendant's request is DENIED.

**IT IS SO ORDERED.**

Dated:  November 4, 2016



EDWARD J. DAVILA
United States District Judge

---

2
Case No.: 5:13-cr-00509-EJD
ORDER DENYING NUNC PRO TUNC MOTION FOR JAIL TIME CREDIT UNDER § 5G1.3(C)